IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **QUINNON LASHAUNN DANIELS -** aka "Q" | Criminal No. __5:20-mj-00052__ |

**AFFIDAVIT IN SUPPORT OF A
<u>CRIMINAL COMPLAINT AND ARREST WARRANT</u>**

I, Thomas F. Hickey, being duly sworn, depose and state as follows:

1. This affidavit is submitted in support of a **Criminal Complaint** and **Arrest Warrant** charging **QUINNON LASHAUNN DANIELS** with Possession with the Intent to Distribute 50 grams or more of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. §§ 841(b)(1)(A), Possession with the Intent to Distribute Cocaine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), Possession with the Intent to Distribute Cocaine Base, a Schedule II Controlled Substance, in violation of in violation of 21 U.S.C. §§ 841(a)(1), and Possession with the Intent to Distribute Heroin, a Schedule I Controlled Substance, in violation of in violation of 21 U.S.C. §§ 841(a)(1).

2. I have been a Special Agent with the United States Drug Enforcement Administration (DEA) since February 1999. I am currently assigned to Enforcement Group 45, Winchester Resident Office (WRO), of the DEA Washington Division Office and am co-located with the Northwest Virginia Regional Drug and Gang Task Force (NWVRDGTF). I have received training in all areas of narcotics investigations including search and seizure laws

and statutes pertaining to enforcement of the Controlled Substances Act. Since becoming a federal law enforcement officer in 1992, I have either conducted or assisted other law enforcement officers in conducting numerous narcotics investigations that have resulted in the arrest and conviction of numerous individuals.

3. The facts and information contained in this affidavit are based upon my personal knowledge as well as the observations of other law enforcement officers involved in this investigation. All observations that were not personally made by me were related to me by the persons who made such observations or I have learned about them through their reports. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government.

4. This investigation concerns alleged violations of 21 U.S.C. §§ 841(a)(1), Possession with the Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, Possession with the Intent to Distribute Cocaine, a Schedule II Controlled Substance, Possession with the Intent to Distribute Cocaine Base, a Schedule II Controlled Substance, and Possession with the Intent to Distribute Heroin, a Schedule I Controlled Substance.

## PROBABLE CAUSE

5. The Drug Enforcement Administration ("DEA") and the Northwest Virginia Regional Drug and Gang Task Force ("NWVRDGTF") are investigating a network of methamphetamine, cocaine hydrochloride, crack cocaine and heroin distributors residing and operating primarily in Winchester, Virginia, located in the Western District of Virginia. The network to distribute cocaine consists of **QUINNON LASHAUNN DANIELS**, and others both identified and unidentified.

6. Law enforcement identified **QUINNON LASHAUNN DANIELS** as a multi-ounce level methamphetamine, cocaine hydrochloride, crack cocaine and heroin source of supply who operates in the Winchester, Virginia area. **QUINNON LASHAUNN DANIELS** has been identified and is known to live in the Danville, Virginia and Lovettsville, Virginia areas. **QUINNON LASHAUNN DANIELS** delivers and/or coordinates deliveries of narcotics to sub-distributors in the Winchester, Virginia area and those sub-distributors then sell the narcotics to others.

7. In July 2020, NWVRDGTF Inv. Medina interviewed a Cooperating Source ("CS1"). CS1 provided self-incriminatory statements to Inv. Medina, in addition to other information, that has been corroborated by law enforcement and other witnesses involved in this investigation. CS1 identified several associates who sell methamphetamine, cocaine and heroin from motel rooms in the Winchester area and stated they were supplied by a black male who goes by "Q". The investigation identified **QUINNON LASHAUNN DANIELS** as "Q".

8. Throughout the investigation, several sub-distributors were identified and controlled purchases were conducted by the NWVRDGTF. Additional proffers and interviews were also conducted and corroborated that **QUINNON LASHAUNN DANIELS** was the ultimate source of supply for these controlled purchases. It was learned that **QUINNON LASHAUNN DANIELS** has a residence in the Lovettsville, Virginia area and also has a residence in Danville, Virginia.

9. On January 3, 2020, Inv. Kenney submitted a search warrant to obtain real-time tracking, a ping order, in order to obtain location information of 571-209-0206, the cellular telephone, of **QUINNON LASHAUNN DANIELS**. The search warrant was submitted through the Commonwealth of Virginia's Frederick County office. The search warrant was

obtained and submitted to Sprint.

10. On January 10, 2020, the NWVRDGTF received information that **QUINNON LASHAUNN DANIELS** had driven to Danville, Virginia in order to obtain additional narcotics and was returning to the Winchester area. The ping order confirmed both that **QUINNON LASHAUNN DANIELS** was in Danville and then travelling north on Interstate 81. The NWVRDGTF established a surveillance to intercept **QUINNON LASHAUNN DANIELS** as he travelled in Frederick County, Virginia.

11. On January 10, 2020, the vehicle in which **QUINNON LASHAUNN DANIELS** was believed to be traveling was intercepted by the NWVRDGTF in Stephens City, Virginia. Frederick County Sheriff's Office (FCSO) deputies initiated a traffic stop on the vehicle after they observed the driver of the vehicle fail to maintain lane control. The FCSO Deputy made contact with the driver of the vehicle and the other two passengers. **QUINNON LASHAUNN DANIELS** was identified as the front seat passenger. A narcotic certified K-9 was requested and a Winchester Police Department K-9 responded shortly thereafter. After a positive K-9 alert, the vehicle was searched.

12. During the search of the vehicle, a back pack was located in the front passenger floor board. Inside the backpack was a false book lock box. The lock box was opened and the following was located:

        A. Three tied off baggies containing a crystal like substance

        B. Five tied off baggies containing a white powdery substance

        C. One clear tied off baggie containing a brown powder substance

        D. One digital scale with residue

        E. One baggie containing a large amount of small clear baggies

      F. One "owe sheet" or ledger (i.e., a piece of paper describing money owed to Daniels)

      G. $2,318.00 found on **QUINNON LASHAUNN DANIELS**' person

13. Inv. Medina read **QUINNON LASHAUNN DANIELS** the Miranda Warnings. **QUINNON LASHAUNN DANIELS** stated he understood his rights and was willing to answer questions. **QUINNON LASHAUNN DANIELS** stated the drugs in the lock box were his and stated "I had it with the intent to sell." **QUINNON LASHAUNN DANIELS** was subsequently arrested and booked into the Northwest Virginia Regional Adult Detention Center.

14. On January 28, 2020, Inv. Kenney removed the drug exhibits from the evidence room and turned them over to SA Hickey. SA Hickey submitted the exhibits to the DEA Mid-Atlantic Laboratory for analysis and safekeeping. The following are the lab results of the exhibits located in the fake book lock box:

      A. Exhibit 1: 79.81g of methamphetamine hydrochloride – 97% purity

      B. Exhibit 2: 27.23g of cocaine hydrochloride

      C. Exhibit 3: 6.48g of heroin

      D. Exhibit 4: 0.57g of heroin

      E. Exhibit 5: 5.72g of cocaine base

**Communication Records**

15. Based on the investigation, law enforcement knows **QUINNON LASHAUNN DANIELS** has used cellular telephone number 571-209-0206 during this investigation. Records requested through Sprint show this account was established August 22, 2019 and is subscribed to Odessa Basil to an address in Lovettsville, Virginia. I know Odessa Basil to be the mother of **QUINNON LASHAUNN DANIELS** and the Lovettsville, Virginia address to be her residence. The same Lovettsville, Virginia is utilized by **QUINNON LASHAUNN**

**DANIELS** on his Virginia Driver's License. I know, through training and experience, that those involved in illicit drug activity have a tendency to provide false subscriber information and/or that of a relative, in an effort to avoid detection and thwart identification by law enforcement.

### Conclusion

16.     Based on the foregoing facts, there is probable cause to believe that on or about January 10, 2020, in the Western District of Virginia and elsewhere, the defendant, **QUINNON LASHAUNN DANIELS**, possessed with the intent to distribute 50 grams or more of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. §§ 841(b)(1)(A), possessed with the intent to distribute Cocaine, a Schedule II Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), possessed with the intent to distribute Cocaine Base, a Schedule II Controlled Substance, in violation of in violation of 21 U.S.C. §§ 841(a)(1), and possessed with the intent to distribute Heroin, a Schedule I Controlled Substance, in violation of in violation of 21 U.S.C. §§ 841(a)(1).

### OATH

The information in this affidavit is true to the best of my knowledge and belief.

Respectfully submitted,

          *s/ Thomas F. Hickey*
          Thomas F. Hickey
          Special Agent
          Drug Enforcement Administration

Received by reliable electronic means and sworn and attested to by telephone on this 22nd day of October 2020.

_____
JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE